FILED
FEBRUARY 22, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1112

JUDGE ZAGEL
MAGISTRATE JUDGE BROWN

FOR THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALI ABDDO HAMOOD AZIZ, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Number: |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HOMELAND SECURITY, CITIZENSHIP ) | Alien #: 076-167-342 |
| AND IMMIGRANT SERVICES, ) | |
| RUTH DOROCHOFF, in her official ) | |
| capacity as District Director of Chicago ) | |
| District Office, MICHAEL MUKASEY, ) | |
| Attorney General of the United States, ) | |
| MICHAEL CHERTOFF, Secretary of the ) | |
| Department of Homeland Security, and ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondents ) | |

**PETITION FOR HEARING ON NATURALIZATION APPLICATION
PURSUANT TO 8 U.S.C. 1447(b)**

NOW COMES the Petitioner, ALI ABDDO HAMOOD AZIZ, by and through his attorneys, CARPENTER & CAPT, CHTD., and petitions this Court to Hold a Hearing and Make a Determination on his Naturalization Application, and grant him naturalization. Petitioner states the following in support of this Petition:

**NATURE OF THE CASE**

This action seeks an Order from the United States District Court, Northern District of Illinois, sitting in Chicago granting the Petitioner ALI ABDDO HAMOOD AZIZ's application for naturalization pursuant to the statute made and provided, 8 U.S.C. 1447(b), Request for hearing before District Court, where more than 120 days have elapsed after the

date on which the examination of the applicant, now plaintiff, was conducted under 8 U.S.C. 1446.

## INTRODUCTION

Mr. Aziz currently lives at 4916 N. Kilbourn Avenue, Chicago, Illinois. On March 2, 1998 Mr. Aziz entered the United States. On November 2, 2000, he gained legal permanent residency through his father. See Permanent Resident Card, attached as Exhibit 1.

On March 3, 2006, Mr. Aziz applied for naturalization. On June 27, 2006, Mr. Aziz attended his naturalization examination. See Examination Notice, attached as Exhibit 2. He passed his examination on civics and history, and demonstrated a working knowledge of English. More than 120 days have passed since Mr. Aziz's examination. Mr. Aziz has not received notice of a determination of his naturalization application.

Mr. Aziz is otherwise eligible for naturalization. Mr. Aziz has resided continuously as a legal permanent resident in the United States for at least five [5] years. *See* INA § 316(a)(1). He has maintained physical presence for at least half that time. *See* INA § 316(a)(1). Mr. Aziz has good moral character, is attached to the principles of the Constitution of the United States, and is well disposed to the good order and happiness of the United States. *See* INA § 316(a)(3).

Mr. Aziz was fingerprinted on April 28, 2006 (*See* Biometrics notice, attached as Exhibit 3), and an FBI name and background check ensued as is the normal course. The government claims that the reason for the delay in adjudicating Mr. Aziz's naturalization application is that the "required investigation into your background remains open." *See* USCIS letter to applicant dated May 24, 2007, attached as Exhibit 4. An Interoffice

2

Memorandum of the USCIS dated February 4, 2008, imposes a 180-day limit on FBI name check processing for adjustment applications; however there is no such limit imposed on naturalization applications. Consequently, a naturalization application could be stagnant indefinitely, with the general statement that "the name check is not completed." (*See* Memorandum, attached as Exhibit 5).

### STATEMENT OF THE CASE

### Jurisdiction

1. Jurisdiction is conferred on this Court with Respect to this Petition by 8 U.S.C. § 1447(b), which provides for a judicial hearing when officers and employees of the United States fail to adjudicate timely (within 120 days of examination) a naturalization application.

### Venue

2. Pursuant to 28 U.S.C. §1391(e), venue lies in the Northern District of Illinois because this is where the Petitioner resides, and where the Chicago District Office of INS in located. This office has refused to adjudicate Mr. Aziz's naturalization application.

### The Parties

3. Petitioner Ali Abddo Hamood Aziz is the naturalization applicant whose application for naturalization has been unfairly neglected. The United States Citizenship and Immigration Service's Chicago District Office is the office responsible for the neglect of the aforementioned naturalization application.

Michael Mukasey, Attorney General, is a named party pursuant to Federal Rule of Civil Procedure 4.

## COUNT I

4. The Immigration and Nationality Act (hereinafter "INA") provides that "[i]f there is a failure to make a determination under [INA § 335, 8 U.S.C. § 1446] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter." 8 U.S.C. § 1447(b).

5. Petitioner respectfully requests this Honorable Court to adjudicate his naturalization application in court. *See* INA 8 U.S.C. § 1447(b).

6. In the alternative, Mr. Aziz respectfully requests this Honorable Court to enter an order directing the U.S. CIS, Chicago District Office, to adjudicate his naturalization application in the next fourteen (14) days.

## COUNT II

## ATTORNEY'S FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA)

Plaintiffs bringing successful actions in the nature of a mandamus or petitions for hearings on delayed naturalization determinations may be entitled to a grant of attorney's fees and costs against the U.S.C.I.S. (legacy INS) under the Equal Access to Justice Act, 28 U.S.C. Sec . 2412 (d)(1)(A). This is so even though the United States Supreme Court

has ruled that EAJA does not authorize payment of attorney's fees to prevailing parties in administrative deportation proceedings. *See* Ardestani v. INS, 502 U.S. 129 (1991). This action is not part of an administrative deportation proceeding. Therefore it must be allowed.

To prevail under EAJA, a plaintiff must establish that he or she is a "prevailing party" in a suit against the United States or a federal agency or official. Fees are awarded unless the court finds that the position of the defendant was substantially justified or that special circumstances make an award unjust.. To be a "prevailing party", the plaintiff need only be successful on a significant issue in the litigation. While the "catalyst doctrine" was abolished by our Supreme Court in Buckhannon Home Health Care v. West Virginia Department of Health, if this case is decided at a hearing on this petition, then Mr. Aziz will be entitled to EAJA fees and costs.

WHEREFORE, Petitioner respectfully prays this Honorable Court to adjudicate Mr. Aziz's naturalization application in court, or in the alternative, enter an order directing the U.S. CIS, Chicago District Office, to adjudicate his naturalization application in the next fourteen (14) days.

Respectfully Submitted,

_____
Robert Carpenter
One of Petitioner's Attorneys

CARPENTER & CAPT, CHTD.
Attorneys for Petitioners
53 W. Jackson Blvd., Ste. 1752
Chicago, IL  60604
t (312) 803-5110
f (312) 803-5112
e c&clawyers@carpenterandcapt.com
IL Attorney Registration #: 6210049